IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN GALLAGHER, §<br>ALSO KNOWN AS §<br>REV. RYAN "SASHA" GALLAGHER, §<br>        PLAINTIFF, §<br>§<br>V. §<br>§<br>CHRISTOPHER WRAY, ET AL., §<br>        DEFENDANTS. § | CIVIL CASE NO. 3:19-CV-930-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The undersigned granted Plaintiff Ryan Gallagher's motion to proceed *in forma pauperis*, pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious, and he should be **SANCTIONED** because of his abusive and vexatious filing history.

**I.   BACKGROUND**

On April 29, 2019, Gallagher, a Colorado state resident proceeding *pro se*, filed a *Complaint/Petition* against Federal Bureau of Investigation (FBI) Director Christopher Wray, COINTELPRO Bill Priestap, and the FBI.[1] Doc. 1. Gallagher seeks to relitigate an action that the United States District Court of the District of Colorado recently dismissed without prejudice for lack of prosecution under FED. R. CIV. P. 41(b). He avers:

---

[1] COINTELPRO is the acronym for Counter Intelligence Program.

> I bring this case to reallege the claims made in *Gallagher v. Wray*, 1:18CV01697 (Colo. D. 2018). The Court in Colorado erred in allowing its Rule 8 Forms to overcome Rule 83(a)(2). . . I ask that all docketed items, all Documents all filings from [that case] be transferred to this case in the Northern District of Texas.

Doc. 1 at 1-2.

In support of his claims, Gallagher alleges:

> Since the events in Ferguson Missouri, popularly known as "Ferguson" the FBI began to investigate me and many others. This investigation caused my YouTube channel to be shut down, and rumors to be spread through the Media that I am "violent," or "ready to become a terrorist or School Shooter at any minute," defaming me, and other the same way.
> Air Wisconsin v. Hoeper, 571 U.S. — (2014)
> ". . .disclosure with 'reckless disregard'. . ."
>
> This has caused problems for me in the courts. *See In re: Judicial Complaint*, 10-18-90033/90034 (10th Cir. 2019).
>
> As well as with family and family friends when the FBI is showing up at their houses asking questions about me.
>
> I have also filed in the FISA Court to find out if there is a FISA warrant, but have yet to receive a response.
>
> This case is also further bolstered by the FBI FOIA Request that was fulfilled. This is FOIA Request #1395324-O with the FBI. I will file it electronically, and it is a record of an investigation that was opened against me. The FBI came and found me and questioned me. This is part of a larger general COINTELPRO operation within the FBI and DOJ, against what are labeled "Black Identify Extremists" or "BIEs." This investigation of me and others began after the events in Ferguson, Missouri, involving Mike Brown. It also involves larger organizations than mine (The Shaivite Temple), including the New Black Panthers, the Moorish Science Temple, the Hebrew Israelites, and individuals such as Tariq Nasheed, Brother Polight, General Yahannah, Minister Farrkhan, etc etc
> U.S. v. Daniels, 316 F.Supp.3d 949 (2018)
>
> There is evidence of civil conspiracy with Case #1:18cv01697 (D. Colo 2018)
> Hampton v. Hanrahan, 522 F.supp. 140 (N.D. Ill 1981)
> Hobson v. Brennan, 625 F.Supp 459 (D.DC 1985)
>
> I am being Wiretapped via FISA, CALEA, or other law
> This case involves the Black Panthers and Wire Tapping by FBI

Wahad v. FBI, 994 F.Supp. 237 (SDNY 1998)

Doc. 1 at 2-3. Gallagher also electronically filed appendices and copies of motions, totally over 330 pages:[2]

On May 23, 2019, Gallagher filed a brief, which states *in toto*: "I am not angry and I am not filing cases in anger, no matter what people who have never met me say, I am not an angry person." Doc. 24.

Obviously, Gallagher is no stranger to the federal courts. A review of the Public Access to Courts Electronic Records (PACER)[3] reflects that he is a serial litigator, having filed over 30 cases since 2016 in federal district courts nationwide. At least 14 of those actions were initiated in the United States District Court for the District of Colorado between February and November 2018 and the majority have been dismissed for want of prosecution, as legally frivolous, or for failure to state a claim. *Gallagher v. DEA*, No. 1:18-CV-2505-LTB (D. Colo. Nov. 9, 2018) (summarizing filing history and "numerous nonsensical and unnecessary documents"). Because of his abusive filing history, the District of Colorado has already imposed pre-filing restrictions. *Id.* (prohibiting Gallagher "from filing any new action . . . without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*" and ordering that Gallagher's name be added to the sanctioned litigants list).

Gallagher has also filed five other cases in this Court, including two others that are pending. *See Gallagher v. Drug Enforcement Agency*, No. 3:17-cv-00734-L-BN (N.D. Tex. Apr. 6, 2018) (dismissed for want of jurisdiction); *Gallagher v. Judge Willis*, No. 3:18-cv1729-S-BH (N.D. Tex. Aug 13, 2018) (transferred to the United States District Court for the Eastern District

---

[2] Gallagher has had electronic filing privileges in this Court since 2018.
[3] PACER is available at https://pacer.login.uscourts.gov.

of Texas); *Gallagher v. Dhillon*, No. 3:18-cv-02801-C-BH (N.D. Tex.) (awaiting judicial screening); *Gallagher v. Pompeo,* 3:18-cv-02879-N-BH (N.D. Tex.) (same); *Gallagher v. Bitcoin Foundation,* No. 3:19-cv-1151-N-BK (N.D. Tex.) (same). In *Gallagher v. Dhillon*, No. 3:18-cv-02801-C-BH, the magistrate judge recently unfiled motions and instructed Gallagher to refrain from filing any further motions or pleadings pending completion of the court's judicial screening process. *See* Mar. 28, 2019 Order in No. 3:18-cv-02801-C-BH.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most deferential view, Gallagher's complaint is legally and factually frivolous and malicious. Gallagher presents no

4

supporting legal authority for the claims he asserts. Moreover, his factual contentions are clearly baseless and inadequate to support any cognizable claim. See *Denton*, 504 U.S. at 33.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Gallagher's claims are fatally infirm. Based on the most deferential review of his complaint and his abusive filing history, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

5

Based on Gallagher's filing history, his pattern of filing frivolous, vexatious actions, and the pre-filing restrictions recently imposed in the District of Colorado, he should be barred from filing future actions *in forma pauperis* in this Court. Gallagher should also be warned that persistent, unwarranted filings may result in the loss of electronic filing privileges.

## V.   CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

Gallagher should also be **BARRED** from filing future actions *in forma pauperis* and **WARNED** that persistent, unwarranted filings in this and other cases may result in the loss of electronic filing privileges.

**SO RECOMMENDED** on  May 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).